# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| DG SMOKY, LLC and<br>WINGSPAN RENTAL, LLC | )<br>) | |
| Plaintiffs, | )<br>) | **JURY DEMAND** |
| v. | ) | No. 3:24-cv-00364 |
| | ) | |
| AUNT BUG'S CABIN RENTALS, LLC,<br>BRIAN SPIEZIO and SHAWN SPIEZIO,<br>MIGHTY PEAKS REALTY, LLC | )<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT AND PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER

Plaintiffs DG Smoky, LLC and Wingspan Rental, LLC, (collectively, "Plaintiff") by and through counsel, and pursuant to 28 U.S.C. § 2201(a), and Rules 57 and 65 of the Federal Rules of Civil Procedure, respectfully moves the Court to enter an order for declaratory judgment and for a preliminary injunction and/or temporary restraining order against Defendants. This Motion is based upon the law and arguments contained in the corresponding Memorandum in Support of their Motion for Declaratory Judgment and Preliminary Injunction and/or Temporary Restraining Order, the Complaint, and the Affidavit of Matthew J. Anderson which is attached to this Motion as **Exhibit A.**

As grounds for the declaratory judgment, Plaintiff would show unto the Court that the judgment will settle the breach of contract controversy between the parties, and serve a useful purpose in clarifying the legal relations between the parties.

As grounds for the preliminary injunction and temporary restraining order, Plaintiff would show unto the Court:

1. Plaintiff has a strong likelihood of success on the merits;

2. Plaintiff will suffer irreparable injury without the injunction;

3. The issuance of the injunction order will not unduly harm the Defendants; and

4. The public interest will be served by the issuance of the restraining order and/or injunction.

PREMISES CONSIDERED, Plaintiff respectfully move the Court for an Order For Declaratory Judgment from this Court that:

   a. The provisions in the Management Agreements requiring DG to require a future buyer to use AB as the property management company are unenforceable under the Real Property Records Integrity Act pursuant to Tenn. Code Ann. § 66-33-101;

   b. The Section in the Management Agreement labeled "other" contains unenforceable provisions under Tennessee law and the restraints on alienation are illegal and thus unenforceable; and

   c. Any other declaratory judgment that Plaintiff is entitled to.

Plaintiff further respectfully moves the Court for a preliminary injunction imposing the following injunctive relief:

   a. Restoration of stolen funds from Plaintiff's trust account in the amount of $77,549.28;

   b. An order preventing Defendants from withdrawing any further funds from the Plaintiff's trust accounts, profits, or escrow accounts;

   c. An order requiring Defendants to provide a full accounting of all finances related to the Plaintiff's properties;

   d. An order for the immediate return of control over Plaintiff's properties from the Defendants back to the Plaintiff; and

e. Any other relief the Court deems proper.

And lastly, Plaintiff moves the Court for a temporary restraining order preventing the Defendants from:

a. removing any more money from Plaintiff's trust accounts and profits;

b. Requiring Defendants to peacefully transition control of the Properties back to the Plaintiff; and

c. any other temporary restraining order relief the Plaintiff is entitled to.

Respectfully submitted,

**ANDERSON LEGAL, PLLC**

By: /*s/ Matthew J. Anderson*
 **Matthew J. Anderson, Esq.** / BPRN 34909
 **Regan Sherrell, Esq.** / BPRN 039544
 49 Music Sq. W., Suite 500
 Nashville, TN 37203
 matt@andersonlegaltn.com
 regan@andersonlegaltn.com
 *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been forwarded via personal service to:

Michael J. King
Paine, Bickers, Elder, King & Williams
900 S. Gay St. Suite 2200
Knoxville, TN 37902
(865) 525-0880
mking@painebickers.com

*Attorney for Defendants*

This the 6th day of September, 2024.

*s/ Matthew J. Anderson*
**Matthew J. Anderson**