UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DG SMOKY, LLC, and <br> WINGSPAN RENTAL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AUNT BUG'S CABIN RENTALS, LLC, <br> BRIAN SPIEZIO, SHAWN SPIEZIO, and <br> MIGHTY PEAKS REALTY, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.: 3:24-CV-364-TAV-JEM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

This civil matter is before the Court on defendants' Motion to Dismiss [Doc. 29] and Motion to Dismiss First Amended Complaint [Doc. 38]. Plaintiffs responded to defendants' motion [Doc. 41] after filing an amended complaint [Doc. 36], and defendants replied [Doc. 43]. Accordingly, these matters are ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons discussed below, defendants' Motion to Dismiss [Doc. 29] will be **DENIED as moot** and their Motion to Dismiss[1] First Amended Complaint [Doc. 38] will be **GRANTED in part** and **DENIED in part**.

---

[1] Although defendants style their motion as one for dismissal, this motion includes a request to join a nonparty to this action in the alternative [*See* Doc. 38, pp. 5–7]. Per the analysis below (*see infra* Section III(B)(2)), the Court will address the joinder issue in addition to their arguments for dismissal.

## I. Background[2]

This dispute arises from the circumstances surrounding defendants' management and rental of plaintiffs' investment properties: eleven luxury cabins in Eastern Tennessee.

Plaintiff DG Smoky, LLC, ("DG") a Tennessee limited liability company, and plaintiff Wingspan Rental, LLC, ("Wingspan") a Texas limited liability company, are each real estate investment companies that buy and hold real estate [Doc. 36 ¶¶ 1–2, 10, 12]. Relevant to the instant pending motions, David Greene, a citizen of California, is the sole member of two separate limited liability companies that, in turn, are the sole members of DG and Wingspan [*Id.* ¶¶ 1–2].

Defendant Aunt Bug's Cabin Rentals, LLC ("AB"), a Tennessee limited liability company, provides services for the management and rental of luxury cabins on behalf of property owners through which it earns a commission [*Id.* ¶¶ 3, 14]. Defendant Mighty Peaks Realty, LLC ("MP") is also a Tennessee limited liability company and a Tennessee licensed real estate brokerage [*Id.* ¶¶ 6, 15]. Defendants Brian Spiezio and Shawn Spiezio are licensed Tennessee real estate brokers who work for MP [*Id.* ¶¶ 4–5, 15–18].

In the fall of 2022, plaintiffs and AB entered into contracts for the management of plaintiffs' properties, copies of which appear to be attached to the amended complaint [*Id.* ¶¶ 19–20; Docs. 36-1, 36-2]. Of relevance to the instant motions, plaintiffs allege that

---

[2] The Court presumes familiarity with the background contained in United States Magistrate Judge Jill E. McCook's Report and Recommendation [Doc. 25], which the Court accepted and adopted [Doc. 28]. Here, the Court summarizes background information relevant to the instant pending motions before the Court.

during this period of contract formation, they relied upon defendants' estimated rental income projections to secure financing for the properties [Doc. 36 ¶¶ 40–43]. Specifically, they allege that they relied upon Brian and Shawn Spiezio's "purported expertise," along with a spreadsheet of AB's average revenue based on what defendants deemed comparable properties [*Id*. ¶¶ 44–46; Doc. 36-4]. The defendants Spiezio allegedly represented to plaintiffs that the numbers contained in the spreadsheet were accurate and reliable estimates, knowing that they would be submitted to banks in connection with plaintiffs' financing applications [*Id*. ¶¶ 47–54].

After two years of AB's management of their properties, plaintiffs allege that they subsequently discovered that the "representations, spreadsheet, and projections" provided by defendants were "not accurate and inflated to entice [them] to buy" [*Id*. ¶¶ 55–56]. They further allege that defendants intentionally inflated these figures and thereby violated the standard of care expected of a licensed real estate professional [*Id*. ¶¶ 58, 60].

Plaintiffs bring claims[3] for breach of contract (Count II), conversion (Count III), professional negligence (Count IV), intentional misrepresentation and fraudulent inducement (Count V), negligent misrepresentation (Count VI), negligence per se (Count VII), violations of the Tennessee Consumer Protection Act (Count VIII), and trespass (Count IX) [*Id*. ¶¶ 119–197].

---

[3] Plaintiffs' Count I, seeking declaratory judgment and preliminary injunctive relief, was the subject of its motion for such relief [Doc. 12], which the Court previously denied [Doc. 28].

## II. Standard of Review

Defendants have brought their motions to dismiss, in relevant part, under Federal Rule of Civil Procedure 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs [(or the pleading party, as the case may be)], accept all well-pled factual allegations as true, and determine whether plaintiffs

4

undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

### III. Analysis

#### A. Defendants' First Motion to Dismiss

On November 27, 2024, defendants moved to dismiss Counts V, VI, and VII of the complaint [Doc. 29]. On January 7, 2025, plaintiffs filed an amended complaint [Doc. 36]. Although the filing of an amended complaint typically moots a pending motion to dismiss, "[w]here portions of the original complaint and the amended complaint are substantially identical, a district court can apply the mooted motions to dismiss to the unchanged sections." *Hall v. Traditional Sporting Goods, Inc.*, No. 3:23-CV-88, 2024 WL 3455250, at *1 (E.D. Ky. Jan. 30, 2024) (citing *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021)).

Upon careful review of plaintiffs' complaint and amendments thereto, the Court finds that plaintiffs' numerous substantive modifications, additions, and deletions render defendants' original motion moot [*Compare* Doc. 1, pp. 16–19 *with* Doc. 36, pp. 22–27]. Accordingly, defendants' first Motion to Dismiss [Doc. 29] is **DENIED as moot**.

## B. Defendants' Second Motion to Dismiss

### 1. Failure to Plead with Particularity

Defendants argue that plaintiffs failed to satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b) [Doc. 39, p. 3]. Specifically, they contend that plaintiffs' intentional misrepresentation and fraudulent inducement claim (Count V) and negligent misrepresentation claim (Count VI) do not contain sufficiently particularized factual support [*Id*. at 3–4]. For example, defendants point to plaintiffs' allegation regarding rental income projections, arguing that "[a]t most . . . the projections were an educated guess—not a guarantee" [*Id*. at 4]. They also submit that plaintiffs fail to identify "which figures were inaccurate or how they were untrue" [*Id*. at 5].

In response, plaintiffs contend that they have satisfied the heightened pleading requirement as to both counts [Doc. 41, p. 7]. Their complaint, they argue, "identifies the who, what, when, where, how, and why of the alleged misrepresentations" [*Id*.]. More specifically, they argue that they plead particularity by "detailing that the false rental income data and comparables were communicated in spreadsheets and emails, including representations made on or about September 9, 2022, by Defendant Shawn Spiezio" [*Id*. at 11]. In the alternative, plaintiffs argue that these allegations could also substantiate a claim for promissory fraud [*Id*. at 9–11].

In reply, defendants allege that plaintiffs "vaguely ask the Court for leave to amend to assert a claim for promissory fraud" in their response brief [Doc. 43, p. 1]. Defendants

6

also renew their argument that plaintiffs "do not point to a single figure that they claim was falsified, nor do they identify any 'comparables' that were misleading" [*Id*. at 2].

Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). That said, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. The United States Court of Appeals for the Sixth Circuit recently analyzed the application of this heightened pleading standard to a Tennessee intentional misrepresentation claim. *See Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 615 (6th Cir. 2024). In *Greer*, the Sixth Circuit explained that "[a]t bottom, 'the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim.'" *Id*. (quoting *Williams v. Duke Energy Int'l, Inc*., 681 F.3d 788, 803 (6th Cir. 2012)).

Here, the Court finds that plaintiffs have stated "with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While some of their allegations are general [*See* Doc. 36 ¶ 40 (referring broadly to "conversations" in 2022)], plaintiffs ultimately point to particular representations allegedly made by Brian and Shawn Spiezio on a particular date. Namely, they allege that defendants inflated figures contained in a spreadsheet (a copy of which is attached to their complaint [*See* Doc. 36-4]) [Doc. 36 ¶ 46]. Moreover, they allege that on September 8, 2022, Shawn Spiezio specifically represented that the numbers contained therein were accurate and

7

derived from actual properties [*Id.* ¶ 50]. Later, plaintiffs allege that "[t]he actual numbers provided were between 20–65% lower than the average revenue numbers provided in the spreadsheet, depending on the property" [*Id.* ¶ 61]. While plaintiffs have not yet offered proof substantiating their allegation that the numbers contained in the spreadsheet were falsified, their obligation at the motion to dismiss stage is simply to *allege* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 9(b). And unlike the claims dismissed in *Greer*, plaintiffs' Counts V and VI contain particular allegations as to *when* the fraud occurred and *why* the figures provided in the spreadsheet were fraudulent. *See* 114 F.4th at 615.

In sum, after careful consideration of the parties' arguments, the Court finds that plaintiffs have "pled with enough specificity to put defendants on notice as to the nature of the claim[s]." *Id.* (quoting *Williams*, 681 F.3d at 803); *see also Rautu v. U.S. Bank*, 557 F. App'x 411, 414 (6th Cir. 2014) (holding that an adequate pleading under Rule 9(b) will contain the "time, place, and contents of these [fraudulent] statements" providing defendant with "a fair opportunity to reply"). Accordingly, defendants' Motion to Dismiss First Amended Complaint [Doc. 38] is hereby **DENIED in part** insofar as they seek dismissal of Counts V and VI.

### 2. Failure to Join a Necessary Party

Defendants argue that plaintiffs have failed to join David Greene who is a necessary party pursuant to Federal Rule of Civil Procedure 19 [Doc. 39, p. 6]. They emphasize that Mr. Greene was a signatory to the contracts at issue in plaintiffs' complaint [*Id.* at 6].

Because he is a California resident, his joinder would not destroy diversity jurisdiction; therefore, defendants argue that Mr. Greene is "indispensable" under the applicable test contained in Rule 19 [*Id*. at 7].

In response, plaintiffs argue that Mr. Greene is not absent from this litigation; to the contrary, he "is actively participating . . . as the sole owner of the Plaintiff companies" [Doc. 41, p. 12]. Additionally, they emphasize that under relevant corporation law, members or agents of limited liability corporations ("LLC") are not personally liable for the obligations of their LLC's [*Id*. at 12]. And here, defendants have not alleged any claims against Mr. Greene in his personal capacity [*Id*. at 13–14]. Given that Mr. Greene is actively participating in this litigation through his corporate capacity, plaintiffs argue that there "is no absence that would prevent the court from resolving this case" [*Id*. at 15].

In reply, defendants reiterate that Mr. Greene was a signatory to the contracts at issue in this case, rebutting any argument that he is not a party to the contracts in his personal capacity [Doc. 43, p. 3]. Counter to plaintiffs' assertion about defendants' failure to bring claims against Mr. Greene, defendants claim that they intend to assert claims against him personally "once he is actually a party to this case" [*Id*. at 4].

Federal Rule of Civil Procedure 19(a)(1) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Sixth Circuit has described the Rule 19 analysis as a "three-step process" whereby courts should (i) determine whether a person is a necessary party under Rule 19(a); (ii) if the person is necessary, determine whether joinder would deprive the court of subject matter jurisdiction; and (iii) if joinder would deprive the court of subject matter jurisdiction, determine whether "equity and good conscience" require dismissal pursuant to the Rule 19(b) factors. *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).

The *Glancy* court specifically examined a question relevant to defendants' instant motion: "What if a person or entity already named as a party to the action has the same interests and litigation goals as the absentee whose joinder is at issue?" *Id*. at 667. The Sixth Circuit held that "[a]dequate representation should be considered as a part of the Rule 19(b) analysis, and not the threshold Rule 19(a) analysis[.]" *Id*. at 668.

### a. Resolving Ambiguity as to Contracting Parties

At the core of the parties' joinder dispute lies the question of whether David Greene, in his individual capacity, was a party to the agreements. Normally, determining the parties to a contract is a straightforward exercise; however, upon inspection of plaintiffs' Exhibits

10

Case 3:24-cv-00364-TAV-JEM   Document 45   Filed 05/13/25   Page 10 of 14
PageID #: 530

A and B, which are attached to their complaint [*See* Docs. 36-1, 36-2], the Court finds patent ambiguity. In the "Name" field of both contracts appears "David Greene and/or DG Smoky LLC" [Doc. 36-1, p. 1; Doc. 36-2, p. 1]. In the signature field of both contracts, only David Greene appears to have electronically signed [Doc. 36-1, p. 3; Doc. 36-2, p. 3]. Given that the agreements simultaneously employ a disjunctive and conjunctive "and/or" and neither the signature block nor any other provision clarifies the relationship between Mr. Greene and DG Smoky, LLC, the parties to these contracts are, at first blush, "susceptible to more than one reasonable interpretation." *Dick Broad. Co. of Tennessee v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013) (quoting *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006)); *see Henderson v. Quest Expeditions, Inc.*, 174 S.W.3d 730, 734 (Tenn. Ct. App. 2005) (affirming trial court's determination that "and/or" contract language was ambiguous), *overruled on other grounds by Copeland v. Healthsouth/Methodist Rehab. Hosp., LP*, 565 S.W.3d 260 (Tenn. 2018). That is, either David Greene "and" DG Smoky, LLC are parties to the contract; or only one of David Greene "or" DG Smoky, LLC is a party to the contract.

Defendants urge the Court to adopt the conjunctive reading [*See* Doc. 39, p. 6 ("Mr. Greene is a party and signatory to both contracts"); Doc. 43, p. 3 ("David Greene is identified by name as a party to the Agreements, and he personally signed the last page of each Agreement as as [*sic*] 'David Greene'")]. Plaintiffs, by contrast, favor the conjunctive interpretation [*See* Doc. 41, p. 15 ("These agreements were clearly drafted to hold the property-owning LLCs accountable, not Mr. Greene as an individual")]. Were the Court

11

to confine its analysis to the "Name" fields of the contracts, it may have been necessary to apply rules of construction to resolve this patent ambiguity. *See Dick Broad. Co.*, 395 S.W.3d at 659. However, the "cardinal rule of contractual interpretation" in Tennessee "is to ascertain and give effect to the intent of the parties." *Id*. (quoting *Allmand v. Pavletic*, 292 S.W.3d 618, 630 (Tenn. 2009)). And courts first "determine the parties' intent by examining the plain and ordinary meaning of the written words that are 'contained within the four corners of the contract.'" *Id*. (quoting *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011)). Here, the signature field of both contracts, taken together with the "Name" field, disfavors plaintiffs' preferred conjunctive interpretation [*See* Doc. 36-1, p. 3; Doc. 36-2, p. 3]. In other words, while Mr. Greene's signature does not definitively clarify the nature of his signatory capacity, it rules out plaintiffs' argument that *only* DG Smoky, LLC signed these agreements. *See also Collier v. Greenbrier Devs., LLC*, 358 S.W.3d 195, 201 (Tenn. Ct. App. 2009) (holding that a sole member of an LLC is not automatically presumed to be in privity of contract with the LLC).

Therefore, having determined that Mr. Greene is a party to the contracts based solely on their "four corners," *Dick Broad. Co.*, 395 S.W.3d at 659 (quoting *84 Lumber Co.*, 356 S.W.3d at 383), the Court must proceed to determine whether, under Federal Rule of Civil Procedure 19, a contracting party is a necessary party who must be joined.

### b. Whether a Contracting Party is a Necessary Party

In light of the foregoing, the Court finds that David Greene is a necessary party because "in [his] absence, the court cannot accord complete relief among existing

12

parties[.]" Fed. R. Civ. P. 19(a)(1)(A). Because it appears that Mr. Greene signed the agreements in his personal capacity, at least in part, in addition to signing them on behalf of his LLC, defendants' argument that all parties to an agreement are necessary parties is well-taken. *See Adler v. Double Eagle Props. Holdings, LLC*, No. W2010-01412-COA-R3CV, 2011 WL 862948, at *4 (Tenn. Ct. App. Mar. 14, 2011) (collecting cases); *cf. Tennessee Farmers Mut. Ins. Co. v. DeBruce*, 586 S.W.3d 901, 906–09 (Tenn. 2019) (resorting to an interest analysis to determine whether an insured qualified as a necessary party where the insured was *not* a signatory to the underlying agreement).

In reaching this conclusion, the Court has specifically not considered whether Mr. Greene's interests are already adequately represented by DG Smoky, LLC, which is an impermissible consideration during "the threshold Rule 19(a) analysis[.]" *Glancy*, 373 F.3d at 668. For related reasons, plaintiffs' invocation of Tennessee corporation law does not address the threshold question of whether Mr. Greene, as a party and signatory to the agreements, should appear in this lawsuit in his personal capacity; rather, these arguments go to the scope of liability to which he may be exposed, which plaintiffs remain free to contest in subsequent stages of this litigation.

Having determined that Mr. Greene is a necessary party within the meaning of Rule 19, the Court also finds that his joinder would not deprive the Court of subject-matter jurisdiction. *See id.* at 666. Because Mr. Greene is a citizen of California, as plaintiffs acknowledge in their complaint [*See* Doc. 36 ¶¶ 1–2], his joinder will not destroy complete diversity of citizenship as required pursuant to 28 U.S.C. § 1332 [*See* Doc. 36 ¶¶ 1–6

13

(stating the parties' citizenship, all of which are diverse from California)]. Having addressed the first two steps described in *Glancy*, the Court need not proceed to step three. 373 F.3d at 666.

In sum, the Court finds that David Greene is a necessary party pursuant to Federal Rule of Civil Procedure 19 and that his joinder is feasible insofar as it will not deprive the court of subject-matter jurisdiction. *See* Fed. R. Civ. P. 19(a)(1). Accordingly, defendants' Motion to Dismiss First Amended Complaint [Doc. 38] is hereby **GRANTED in part**. Because David Greene is a necessary party who may be joined, the Court **ORDERS** that he be joined in his personal capacity to this action as a plaintiff. Fed. R. Civ. P. 19(a)(2). The Court notes that, pursuant to Rule 19, "[a] person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." *Id*.

## IV. Conclusion

For the reasons explained above, defendants' Motion to Dismiss [Doc. 29] is **DENIED as moot** and their Motion to Dismiss First Amended Complaint [Doc. 38] is **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
