UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DG SMOKY, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.:   3:24-CV-364-TAV-JEM |
| | ) | |
| AUNT BUG'S CABIN RENTALS, LLC, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Aunt Bug's Cabin Rentals, LLC's ("Aunt Bug's") Motion for Prejudgment Attachment of Real Property [Doc. 65] owned by plaintiffs DG Smoky, LLC ("DG Smoky") and Wingspan Rental, LLC ("Wingspan"). Also pending before the Court is Aunt Bug's Motion for Expedited Hearing on Defendant's Motion for Prejudgment Attachment of Real Property [Doc. 66]. For the reasons below, Aunt Bug's Motion for Prejudgment Attachment of Real Property [Doc. 65] is **GRANTED**, and Aunt Bug's Motion for Expedited Hearing on Defendant's Motion for Prejudgment Attachment of Real Property [Doc. 66] is **DENIED as moot.**

## I.    Background

This dispute arises from the circumstances surrounding defendants' management and rental of plaintiffs' investment properties [*See* Doc. 47]. DG Smoky and Wingspan are real estate investment companies that buy and hold real estate for certain income purposes, including short-term and long-term rentals [*Id.* ¶¶ 12, 15]. DG Smoky is a Tennessee limited liability company with its principal office located in Brentwood,

California [*Id.* ¶ 1].  The sole member of DG Smoky is Assist Corporation, LLC, ("Assist"), a Wisconsin limited liability company [*Id.*].  The sole member of Assist is David Greene, a citizen of Oklahoma [*Id.*].  Wingspan is a Texas limited liability company with its principal office in Brentwood, California, and the sole member of Wingspan is Dream Blue Ridge, LLC ("Dream Blue Ridge"), a Wyoming limited liability company [*Id.* ¶ 2].  The sole member of Dream Blue Ridge is also Greene [*Id.*].

Aunt Bug's is a Tennessee licensed vacation lodging service firm that provides services for the management and rental of cabins in East Tennessee on behalf of property owners, earning commission for its services [*Id.* ¶ 17].  Defendant Mighty Peaks Realty, LLC ("MP") is a Tennessee licensed real estate brokerage [*Id.* ¶ 18].  Defendants Brian Spiezio and Shawn Spiezio are licensed Tennessee real estate brokers who work for MP [*Id.* ¶¶ 5–6, 19–20]. In 2022, plaintiffs and Aunt Bug's entered into contracts for the management of plaintiffs' properties, copies of which are attached to the second amended complaint [*Id.* ¶¶ 22–24; Docs. 47-1, 47-2].

After two years of Aunt Bug's management of their properties, plaintiffs allege that they discovered that the "representations, spreadsheet, and projections" provided by defendants were "not accurate and inflated to entice [them] to buy" [*Id.* ¶¶ 59–60].  They further allege that these figures were not made in good faith, and defendants violated the standard of care expected of a licensed real estate professional [*Id.* ¶¶ 63–64].

2

Ultimately, plaintiffs bring claims[1] for breach of contract (Count II), conversion (Count III), professional negligence (Count IV), intentional misrepresentation and fraudulent inducement (Count V), negligent misrepresentation (Count VI), negligence per se (Count VII), violations of the Tennessee Consumer Protection Act (Count VIII), and trespass (Count IX) [*Id.* ¶¶ 135–201].

## II. Analysis

"The procedural authority for seeking prejudgment attachment . . . is Rule 64 of the Federal Rules of Civil Procedure." *Heartland Payment Sys., Inc. v. Hickory Mist Luxury Cabin Rentals, LLC*, No. 3:11-CV-350, 2011 WL 6122371, at *1 (E.D. Tenn. Dec. 8, 2011). Federal Rule of Civil Procedure 64 "gives federal courts jurisdiction to impose every remedy available under the laws of the state where the court is located to secure satisfaction of a potential judgment, and specifically contemplates the remedy of attachment." *Eberhard v. Physicians Choice Lab'y Servs., LLC*, No. 3:15-CV-156, 2016 WL 6432794, at *2 (M.D. Tenn. Oct. 31, 2026) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64. "But a federal statute governs to the extent it applies." *Id.* Here, Aunt Bug's cites Tennessee law, which provides that:

---

[1] Plaintiffs' Count I, seeking declaratory judgment and preliminary injunctive relief, was the subject of its motion for such relief [Doc. 12], which the Court denied [Doc. 28].

3

> Any person having a debt or demand due at the commencement of an action, or a plaintiff after action for any cause has been brought, and either before or after judgment, may sue out an attachment at law or in equity, against the property of a debtor or defendant[.]

Tenn. Code Ann. § 29-6-101. This provision allows for prejudgment attachment where (1) "the debtor or defendant resides out of state;" (2) "the debtor or defendant about to remove, or has removed, the debtor's or defendant's person or property from the state;" or "the debtor or defendant has fraudulently disposed of, or is about fraudulently to dispose of, the property[.]" *Id.* § 29-6-101(1), (2), (6).

Moreover, "[a]ttachment is available for unliquidated debts, except that, under the plain language of the statute, prejudgment attachment is expressly precluded when the only ground for such attachment is the out-of-state residence of the defendant." *Eady v. Am. Towing & Recovery*, No. 1:24-CV-339, 2025 WL 1601006, at *1 (E.D. Tenn. June 5, 2025) (quoting *Eberhard*, 2016 WL 6432794, at *2). "The burden [is] upon plaintiff to show by a preponderance of the evidence that grounds for an attachment [exist]." *Eberhard*, 2016 WL 6432794, at *2 (citation omitted). "Allegations made in support of a requested attachment must be based on something more than mere speculation." *Id.* (citation omitted).

Here, Aunt Bug's argues that there are clear grounds for pre-judgment attachment of DG Smoky's and Wingspan's real property assets regardless of whether Aunt Bug's damages are liquidated or unliquidated [Doc. 65, p. 6]. Specifically, Aunt Bug's contends that pre-judgment attachment is proper because DG Smoky and Wingspan are not Tennessee residents, all eleven properties owned by DG smoky are currently pending sale,

4

the property owned by Wingspan is listed for sale, and there is a substantial likelihood that the transfers of these properties are intended to defraud [*Id.* at 7].

Turning first to residency, the Court notes that "all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Here, the second amended complaint alleges that DG Smoky and Wingspan are both single-member limited liabilities companies [Doc. 47 ¶¶ 1–2]. For each of them, the sole member is another single-member limited liability company whose sole member is Greene, an Oklahoma resident [*Id.*]. Thus, Aunt Bug's has shown that the debtors, DG Smoky and Wingspan, are not Tennessee residents. *See* Tenn. Code Ann. § 29-6-101(1).

Second, Aunt Bug's has demonstrated that DG Smoky and Wingspan are about to remove their property from Tennessee or fraudulently dispose of it. *See* Tenn. Code Ann. § 29-6-101(2), (6). Specifically, Brian Spiezio's declaration states that that he searched the East Tennessee Realtors Multiple Listing Service (the "MLS"), which shows that each of DG Smoky's properties at issue in this litigation are listed as pending sale [Doc. 65-2 ¶¶ 15–16]. Further, he states that the MLS for Wingspan's property shows that it is currently listed for sale, although there is no indication whether a sale is pending for that property [*Id.* ¶ 18]. Brian Spiezio's declaration asserts that sale of the DG Smoky properties and Wingspan property will result in the removal of all the defendants' property from the state of Tennessee [*Id.* ¶¶ 18, 20].

Unlike in *Eady*, in which the plaintiff did not provide evidence supporting that the defendant may fraudulently dispose of the property at issue, Aunt Bug's provided detailed

5

evidence of Zillow listings showing that DG Smoky's properties and Wingspan's property are currently for sale [*See* Doc. 65-1, pp. 4–29]. *See Eady*, 2025 WL 1601006, at \*2 (finding that the plaintiff "provided little more than speculation that [d]efendants may fraudulently dispose of his property"). Additionally, Matthew Hobbs, attorney for Aunt Bug's, confirmed in his declaration that he accessed, downloaded, and saved these Zillow listings [*Id.* at 2].

At a minimum, the sale of DG Smoky's properties appears to be imminent since they are currently pending for sale [*See* Doc. 65-1, pp. 4–29; Doc. 65-2 ¶¶ 15–16]. Thus, upon reviewing these declarations and the attached Zillow listings, the Court finds that Aunt Bug's has met its burden to show by a preponderance of the evidence DG Smoky and Wingspan are about to remove their property from the state of Tennessee. Accordingly, Aunt Bug's has met its burden to show, by a preponderance of the evidence, that there are grounds for prejudgment attachment. *See Eberhard*, 2016 WL 6432794, at \*2.

## III. Conclusion

For the reasons stated above**,** Aunt Bug's Motion for Prejudgment Attachment of Real Property [Doc. 65] is **GRANTED.** As a result, Aunt Bug's Motion for Expedited Hearing on Defendant's Motion for Prejudgment Attachment of Real Property [Doc. 66] is **DENIED as moot.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE