| | |
|---|---|
| DG SMOKY, LLC, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No.:   3:24-CV-364-TAV-JEM |
| | ) |
| AUNT BUG'S CABIN RENTALS, LLC, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on plaintiffs DG Smoky, LLC ("DG Smoky") and Wingspan Rental, LLC's ("Wingspan") Motion to Vacate and Dissolve Prejudgment Attachment of Real Property [Doc. 70] and Motion for Expedited Hearing on Plaintiff's Motion to Vacate or Dissolve Attachment [Doc. 71]. Defendant Aunt Bug's Cabin Rentals, LLC ("Aunt Bug's") has responded [Doc. 73].[1]

On July 16, 2026, Aunt Bug's filed a Motion for Prejudgment Attachment of Real Property [Doc. 65] owned by DG Smoky and Wingspan, which the Court granted [Doc. 69]. In its order, the Court concluded that Aunt Bug's met its burden to show, by a preponderance of the evidence, that there are grounds for prejudgment attachment pursuant to Tennessee Code Annotated § 29-6-101(1), (2), and (6) [Doc. 69, p. 6]. Specifically, the Court found that Aunt Bug's demonstrated that DG Smoky and Wingspan are not

---

[1] Although the time for a reply brief under the Court's local rules has not yet elapsed, *see* E.D. Tenn. L.R. 7.1(a), in light of the time-sensitive nature of the motion to vacate, the Court finds it appropriate to grant the motion to vacate at this juncture.

Tennessee residents, and that they were about to remove their property from Tennessee or fraudulently dispose of it, making prejudgment attachment appropriate [*Id.* at 5–6].

In their motion to vacate, DG Smoky and Wingspan contend that the pre-judgment attachment must be dissolved because Aunt Bug's did not execute a bond as required by Tennessee law [Doc. 70, pp. 8–9]. Specifically, they contend that under Tennessee Code Annotated § 29-6-115, "[t]he officer to whom the application is made, shall, *before granting the attachment*, *require the plaintiff*, the plaintiff's agent or attorney, *to execute a bond with sufficient security*, payable to the defendant" [*Id.* at 8 (emphasis in original)]. DG Smoky and Wingspan state that Aunt Bug's has not offered a bond, and a bond has not been required [*Id.* at 9]. They argue that the attachment cannot stand as "[a]ttachments issued without affidavit and bond . . . may be abated by plea of the defendant" [*Id.* (quoting Tenn. Code Ann. § 29-6-123)]. In addition, they request an expedited hearing regarding their motion to vacate and dissolve prejudgment attachment [Doc. 71, p. 3].

Aunt Bug's responds that the failure to execute a bond does not require vacating or dissolving pre-judgment attachment, and the omission may be corrected by allowing Aunt Bug's to substitute a sufficient bond [Doc. 73, pp. 2–3]. Specifically, Aunt Bug's contends that attachment law in Tennessee is liberally construed, and it cites cases to argue that a plaintiff can post an attachment bond after attachment has been issued [*Id.* at 2–3 (citing *Orlowski v. Bates*, No. 2:11-CV-1396, 2016 WL 447725, at *1–2 (W.D. Tenn. Feb. 4, 2016); *In re Premier Hotel Dev. Grp.*, Nos. 01-20922, 01-20923, 01-20940, 2001 WL 1575658 (Bankr. E.D. Tenn. Oct. 11, 2001); *Alexander v. Lisby*, 32 Tenn. 107 (Tenn. 1852))]. Lastly, Aunt Bug's notes that DG Smoky and Wingspan have not provided the

2

sales price of the properties at issue, and they should be required to disclose all sales information before a hearing regarding the proper bond amount [*Id.* at 4].

"The procedural authority for seeking prejudgment attachment . . . is Rule 64 of the Federal Rules of Civil Procedure." *Heartland Payment Sys., Inc. v. Hickory Mist Luxury Cabin Rentals, LLC*, No. 3:11-CV-350, 2011 WL 6122371, at *1 (E.D. Tenn. Dec. 8, 2011). Federal Rule of Civil Procedure 64 "gives federal courts jurisdiction to impose every remedy available under the laws of the state where the court is located to secure satisfaction of a potential judgment, and specifically contemplates the remedy of attachment." *Eberhard v. Physicians Choice Lab'y Servs., LLC*, No. 3:15-CV-156, 2016 WL 6432794, at *2 (M.D. Tenn. Oct. 31, 2026) (internal quotation marks and citation omitted). Federal Rule of Civil Procedure 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64.

"To secure prejudgment attachment, a plaintiff must 'execute a bond with sufficient security' to 'pay the defendant all costs that may be adjudged against defendant, and, also, all such damages as the defendant may sustain by the wrongful suing out of the attachment'." *Nickey Warehouses Inc. v. French*, No. 2:26-CV-2471, 2026 WL 1919663, at *1 (W.D. Tenn. May 1, 2026) (quoting Tenn. Code Ann. § 29-6-115); *see also Orlowski v. Bates*, No. 2:11-CV-1396, 2015 WL 6159494, at *11 (W.D. Tenn. Oct. 20, 2015) ("[T]o obtain prejudgment attachment, the plaintiff or his agent shall execute a bond with sufficient security."). "The attachment law shall be liberally construed, and the plaintiff,

3

before or during trial, shall be permitted to amend any defect of form in the affidavit, bond, attachment, or other proceedings; and no attachment shall be dismissed for any defect in, or want of, bond, if the plaintiff, plaintiff's agent, or attorney will substitute a sufficient bond." Tenn. Code Ann. § 29-6-124.

At the outset, the Court notes that under Tennessee law, a plaintiff is required to execute a bond before attachment is granted. *See* Tenn. Code. Ann. § 29-6-115 ("The officer to whom application is made, *shall*, before granting the attachment, *require* the plaintiff . . . to execute a bond with sufficient security[.]") (emphasis added). Thus, under Tennessee law, Aunt Bug's must execute a bond before attachment is granted.

Although the attachment law in Tennessee is liberally construed, there is no evidence that Aunt Bug's has posted bond in any amount in this case. *See* Tenn. Code Ann. § 29-6-124. In the cases cited by Aunt Bug's, a bond was issued. *See In Re Premier Hotel Dev. Grp.*, 2001 WL 1575658, at *2 (where the defendant argued that attachment was void after the plaintiff posted a bond in the wrong amount); *see also Orlowski*, 2016 WL 447725, at *1–3 (where a bond was issued in connection with a preliminary injunction, and the court later permitted the plaintiffs to post an additional bond to satisfy the bond requirement for attachment); *Alexander*, 32 Tenn. at 108 (where the defendants moved to dismiss an attachment bill on the grounds that the attachment bond was insufficient.).

Unlike those cases, Aunt Bug's has not offered a bond in any amount, and thus, there is no bond for the Court to substitute or amend. *See* Tenn. Code Ann. § 29-6-124. Therefore, the proper remedy is abatement of the attachment. *See* Tenn. Code Ann.

4

§ 29-6-123 ("Attachments issued without affidavit and bond . . . may be abated by plea of the defendant.").

For the reasons above, DG Smoky and Wingspan's Motion to Vacate and Dissolve Prejudgment Attachment of Real Property [Doc. 70] is **GRANTED,** and the Motion for Expedited Hearing on Plaintiff's Motion to Vacate or Dissolve Attachment [Doc. 71] is **DENIED as moot**. The Order granting prejudgment attachment [Doc. 69] is hereby **VACATED** with leave to refile a motion for prejudgment attachment, following the proper procedures under Tennessee law, if appropriate.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE